# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LEWIS | : |
| | : |
| v. | : CIVIL ACTION NO. 11-5035 |
| | : |
| JON FISHER, *et al.* | : |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                           May 28, 2013

      Petitioner Richard Lewis, proceeding *pro se*, objects to the Report and Recommendation ("R&R") of Magistrate Judge Jacob P. Hart, which recommended that the Court deny the petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254.

## I.     BACKGROUND

      The R&R sets forth the full procedural history, which the Court adopts. The R&R carefully evaluated each claim and concluded that the evidentiary decisions of the state courts did not deprive Petitioner of a fair criminal trial or contradict any Supreme Court precedent. Petitioner has objected to the R&R arguing, as he did in the petition and the briefing, that the exclusion of evidence denied him a fair trial and that his counsel was ineffective. Upon careful, *de novo*, review of the record, the Court agrees with the thorough analysis set forth in the R&R and will overrule Petitioner's objections; in doing so the Court will assume the parties' familiarity with the R&R and will discuss the record only as necessary to rule on the objections. The Court agrees with the R&R that Petitioner has failed to overcome the hurdle of the deference afforded to state courts on evidentiary matters, and counsel cannot be deemed ineffective if the

underlying claims lack merit, as they do here.[1]

**II. LEGAL STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996[2] ("AEDPA"), governs habeas petitions like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[3] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]

Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[5]

---

[1] See, e.g., Coleman v. Johnson, – U.S. –, 132 S. Ct. 2060 (2012); Strickland v. Washington, 466 U.S. 668, 690 (1984).

[2] 28 U.S.C. § 2254.

[3] § 2254(a).

[4] 28 U.S.C. § 636(b)(1).

[5] § 2254(d).

2

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[6] A decision is an "unreasonable application of" clearly established law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[7] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[8] Rather, the application of clearly established law must be "objectively unreasonable."[9]

## III. PETITIONER'S OBJECTIONS

### A. Sentence

Petitioner objects to the statement in the R&R, taken from the Superior Court Opinion, that Petitioner "was sentenced to a term of five to ten years imprisonment with a consecutive term of probation,"[10] arguing that the sentence was modified. The R&R accurately quoted the Superior Court Opinion, and the state-court record supports the accuracy of the sentence as stated, which in any event has no effect upon the merits of the conviction. The objection will be overruled.

---

[6] Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

[7] Id. at 75 (quoting Williams, 529 U.S. at 413).

[8] Id.

[9] Id.

[10] R&R at 1 (citing Commonwealth v. Lewis, No. 1046 EDA 2007 (Pa. Super. Ct. Sept. 6, 2007)).

3

**B.      Sufficiency of the Evidence**

Petitioner argues that the evidence was insufficient to sustain Petitioner's conviction for burglary.  A federal court on habeas review may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."[11]  As the Court of Appeals for the Third Circuit recently explained, "in addition to the first layer of deference we owe to the jury under Jackson, we owe a second layer of deference to the Superior Court under AEDPA."[12]  "[A] federal court may . . . overturn a state court decision rejecting a sufficiency of the evidence challenge . . . only if the state court decision was 'objectively unreasonable.'"[13]

The Court agrees with the R&R that applying this standard of double deference, Petitioner is not entitled to relief based on insufficiency of the evidence.  The state courts applied the correct legal standard, and analyzed the evidence.[14]  There was evidence that Petitioner's car was in the neighborhood where the crime was committed, and that a glove that contained a mixture of DNA, including Petitioner's, was found in the burgled home.  Petitioner argues that his brother fits the physical description given by a witness who lived in the neighborhood, and that his brother had possession of the car on the night in question.  As long as the evidence is

---

[11] Coleman, 132 S. Ct. at 2062 (quotation omitted).

[12] Eley v. Erickson, 712 F.3d  837, No. 10-4725, 2013 WL 1405923, at * 10 (3d Cir. Apr. 9, 2013).

[13] Cavazos v. Smith, — U.S. —, 132 S. Ct. 2, 4 (2011) (per curiam ) (citation omitted).  See also Coleman, 132 S. Ct. at 2062.

[14] The case upon which Petitioner relies in his supplemental filing, United States v. Bonner, 735 F. Supp. 2d 405 (M.D.N.C. 2010), aff'd, 648 F.3d 209 (4th Cir. 2011), assessed the sufficiency of evidence pursuant to Federal Rule of Criminal Procedure 29 after a trial in federal court [Doc. No. 12 at 2].  This case does not have any bearing in the context of a § 2254 Petition, where the Court's review of the state court decisions is severely circumscribed.

4

sufficient for a jury to convict, the prosecution need not affirmatively "rule out every hypothesis except that of guilt."[15] Duly mindful of the limited nature of this Court's review of the state court decision, this Court cannot conclude that the Superior Court's decision upholding the sufficiency of the evidence to convict Petitioner was objectively unreasonable.[16]

### C. Double Jeopardy

The trial at which Petitioner was convicted was the third he faced for the charges. The first trial ended in a mistrial after a detective testified that Petitioner told him "I have nothing to say." For the reasons stated in the R&R, the Court cannot find that the state courts acted contrary to established law in finding that the prosecution did not intend to subvert the protections afforded by the Double Jeopardy clause by provoking Petitioner into moving for a mistrial during the first trial, and therefore, a second trial was not barred.[17] The second trial ended in a hung jury, which erected no barrier to a third trial.[18]

### D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established by the Supreme Court in Strickland v. Washington.[19] Under Strickland, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate

---

[15] Jackson v. Virginia, 443 U.S. 307, 326 (1979).

[16] Petitioner also alleges that the jury in the trial was deadlocked and that the trial judge sent a note to the jury room that he would hold the jury until 9:00 p.m. and then bring them back on Saturday or Monday, after which the jury room "erupted" and a verdict was shortly returned. Petitioner's Obj. at 7. The trial court's opinion of December 28, 2007, stated that there was no coercion, and nothing in the record would permit this Court to reach a contrary finding.

[17] Oregon v. Kennedy, 456 U.S. 667, 675-76 (1982).

[18] Richardson v. United States, 468 U.S. 317, 324 (1984).

[19] 466 U.S. 668 (1984).

5

(1) that counsel's performance was deficient and (2) that the deficient performance prejudiced petitioner.[20] Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."[21] Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.[22] For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[23] Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the proceedings; rather, a defendant must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[24]

    *1.    Ineffective Assistance with Regard to Hearsay Evidence*

Petitioner argues that his trial counsel was ineffective for failing to request a mistrial when the prosecution referenced a hearsay statement during closing arguments and that counsel on direct appeal was ineffective for failing to preserve the claim. The R&R examined these claims, and explained why the state courts did not err in rejecting them, and although Petitioner disagrees with this analysis, this Court finds that the R&R was correct. Because counsel objected, and the trial court issued a curative instruction, Petitioner cannot show a reasonable

---

[20] Id. at 687.

[21] Id. at 690.

[22] Lewis v. Horn, 581 F.3d 92, 106-07 (3d Cir. 2009).

[23] Singletary v. Blaine, 89 F. App'x 790, 794 (3d Cir. 2004) (citing Moore v. Deputy Comm'r of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir.1991)).

[24] Strickland, 466 U.S. at 694.

probability that the outcome would have been different had counsel requested a mistrial (and as counsel had sought and been denied a mistrial earlier in the trial, there is no reason to believe it would have been granted if requested again).[25] For the same reasons, Petitioner cannot succeed in establishing ineffective assistance of appellate counsel.

2.  *Ineffective Assistance with Regard to False Testimony*

Petitioner alleges that at his second trial (which resulted in a hung jury), the prosecution introduced perjured testimony, and that his appellate counsel was ineffective for failing to raise and preserve this claim after his conviction in the third trial. According to Petitioner, had the prosecution not presented perjured testimony, he would have been acquitted at the second trial, and there never would have been a third trial. But as discussed above, a hung jury presents no double-jeopardy bar to a retrial, and it would be no more than mere speculation to postulate as to what effect, if any, the allegedly perjured testimony had on that proceeding.[26] Because Petitioner was not convicted at the trial during which the allegedly perjured testimony was presented, the state courts did not act unreasonably in concluding that Petitioner could not establish prejudice from counsel's allegedly deficient representation.

---

[25] See Moore v. Morton, 255 F.3d 95, 105 (3d Cir. 2001) (holding that a mistrial was not warranted because "no remark or argument by the government during closing arguments so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." (internal quotations omitted)).

[26] The courts do not inquire into the reasons for a jury's failure to reach a verdict. See Blueford v. Arkansas, – U.S. –, 132 S. Ct. 2044, 2052 (2012) ("We have never required a trial court, before declaring a mistrial because of a hung jury, to consider any particular means of breaking the impasse—let alone to consider giving the jury new options for a verdict.").

## IV. CONCLUSION

Petitioner has not shown that he is entitled to relief, and therefore the objections will be overruled, the R&R adopted, and the Petition denied.[27] A certificate of appealability will not issue as there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[28]

---

[27] The Court notes that it appears that original evidence from the trial was sent to the Superior Court at the time of the original appeal in 2008, and eventually to this Court as part of the state-court record. This record will be returned to the state court.

[28] Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal citation omitted).

8